UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANNETT ANDERSON and<br>LEVI ANDERSON,<br><br>               Plaintiffs,<br>v.<br><br>**BRAND DEFENDANTS:**<br>WYETH LLC, WYETH PHARMACEUTICALS INC., individually and d/b/a ESI LEDERLE, INC., PFIZER, INC., SCHWARZ PHARMA, INC., n/k/a UCB, INC., SCHWARZ PHARMA AG, UCB GMBH d/b/a SCHWARZ PHARMA AG, ALAVEN PHARMACEUTICAL, LLC, BAXTER HEALTHCARE CORPORATION, WOCKHARDT, USA, LLC, MORTON GROVE PHARMACEUTICALS, INC.,<br><br>**GENERIC DEFENDANTS:**<br>TEVA PHARMACEUTICALS USA, INC., individually and d/b/a IVAX PHARMACEUTICALS, PLIVA, INC., PLIVA d.d., BARR PHARMACEUTICALS, LLC f/k/a BARR PHARMACEUTICALS, INC., BARR LABORATORIES, INC., WATSON LABORATORIES, INC., and JOHN DOE DEFENDANTS,<br><br>               Defendants. | Cause No. 1222-CC00910<br>(St. Louis City)<br><br>No.<br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Wyeth LLC f/k/a Wyeth, Inc., Wyeth Pharmaceuticals Inc., Pfizer Inc., Schwarz Pharma, Inc. n/k/a UCB, Inc. and Alaven Pharmaceutical LLC (collectively, "Brand Defendants"), by their undersigned attorneys, hereby

1

remove this action from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, to the United States District Court for the Eastern District of Missouri. In support of this Notice, Brand Defendants state as follows:

## I. STATE COURT PROCEEDINGS

1. On February 22, 2012, a products liability action was filed in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, in a civil action styled <u>Jannett Anderson, et al., v. Wyeth LLC, et al.</u>, No. 1222-CC00910 (hereinafter "Anderson Original Petition"). A copy of the Anderson Original Petition is attached hereto as Exhibit 1.

2. The Anderson Original Petition conglomerated the claims of 89 Plaintiffs (including Plaintiffs Jannett Anderson and Levi Anderson) ("Plaintiffs") against 27 different Defendants (including Brand Defendants) who allegedly manufacture(d) and/or distribute(d) the name brand drug Reglan® or metoclopramide, the generic equivalent of Reglan®. The Anderson Original Petition lacked complete diversity on its face because certain plaintiffs were citizens of the same state as certain defendants. For example, Plaintiff Betty Bryan and Defendant Wyeth Pharmaceuticals Inc. were both citizens of Pennsylvania for diversity purposes and were both parties to the Anderson Original Petition. Moreover, in the Anderson Original Petition, plaintiffs did not make clear which plaintiffs were asserting claims against which defendant or group of defendants and therefore it could not be determined whether complete diversity was present.

3. Subsequently, the Anderson plaintiffs amended their original petition on two separate occasions, adding a total of six (6) new plaintiffs to the action. In the amended petitions, like the Anderson Original Petition, complete diversity did not exist or it could not be determined whether it existed.

4. On August 8, 2012, the Court entered an Order finding that the 95 Anderson plaintiffs were misjoined and directed that the claims of the Anderson plaintiffs be severed. *See* Exhibit 2, a true and correct copy of the severance order. Each Anderson plaintiff (together with any spouses or other secondary plaintiffs) in each newly severed case was granted leave to file a separate amended petition by December 6, 2012. *See* Ex. 2. The Court's severance Order directed that the first-named Plaintiff in the Anderson Original Petition, Jannett Anderson (Plaintiff), remain as the sole named plaintiff in the original lawsuit, Cause No. 1222-CC00910. The Order further instructed that new and separate court files, with new cause numbers, be opened for each additional severed case. *See* Ex. 2.

5. On October 3, 2012, Plaintiffs, two of the original Anderson plaintiffs, filed a separate Amended Petition in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, in a civil action styled Jannett Anderson, et al., v. Wyeth LLC, et al. No. 1222-CC00910. A copy of the Amended Petition is attached as Exhibit 3. This action became removable at the filing of Plaintiffs' Amended Petition, because complete diversity exists between the parties named in the Amended Petition.

6. Plaintiffs assert several causes of action against all Defendants related to injuries Plaintiff Jannett Anderson, the primary plaintiff, allegedly experienced after ingesting the prescription medication Reglan® or generic metoclopramide (hereinafter "MCP" or "metoclopramide"). Plaintiffs seek to recover compensatory damages for alleged personal injuries, all allowable special damages and costs. In addition, Plaintiffs request an award of punitive damages against all Defendants.

7.  Brand Defendants were served with the Amended Petition on October 4, 2012 and this removal is filed within one year of the commencement of this action by way of the Amended Petition, as well as the Anderson Original Petition.[1] This Notice of Removal is therefore brought within the time required by 28 U.S.C. §1446(b). A complete copy of the remainder of the state court file is attached hereto as Exhibit 4. Thus, pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders served on Brand Defendants are attached to this Notice of Removal.

## II. GROUNDS FOR REMOVAL

8.  This action is removable to this Court under 28 U.S.C. §§ 1332(a)(3), 1441(a), (b) and 1446 because it is an "amended pleading, motion, order or other paper" which involves a dispute between citizens of different States and in which citizens or subjects of a foreign state are additional parties, none of the Defendants properly joined and served are citizens of Missouri, and the amount in controversy exceeds $75,000, exclusive of interests and costs. The Amended Petition was filed by Plaintiffs asserting claims against these Defendants on October 3, 2012, and it is removed with the consent of Co-Defendants within 30 days of service of the Amended Petition and within one year of the commencement of the action. True and accurate copies of the consents to this removal of co-defendants are attached hereto as Exhibit 5.

### A. Diversity of Citizenship

9.  Plaintiffs are alleged to be citizens of Mississippi. *See* Ex. 3, ¶ 4.

10. None of the Defendants in this matter are, or at the time the action was commenced were, citizens of Mississippi.

---

[1] Although not an issue here because both the Amended Petition and Original Petition were filed within one year, Defendants aver that the proper calculation of the one-year time frame for removal begins to run upon the filing of the Amended Petition.

4


a. Wyeth LLC f/k/a Wyeth, Inc., is a limited liability company, and therefore has the citizenship of its members for purposes of diversity. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187-192 (1989); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Wyeth LLC's sole member is, and at the time the action was commenced was, Pfizer Inc. Pfizer Inc. is (and was) incorporated in Delaware and has its principal place of business in New York. Wyeth LLC, therefore, is a citizen of Delaware and New York for purposes of 28 U.S.C. § 1332. *See Carden*, 494 U.S. at 187-92; *GMAC Commercial Credit LLC*, 357 F.3d at 829.

b. Wyeth Pharmaceuticals Inc., individually and d/b/a ESI Lederle, Inc., is, and at the time the action was commenced was, incorporated in Delaware and has its principal place of business in Pennsylvania. Wyeth Pharmaceuticals Inc., therefore, is a citizen of Delaware and Pennsylvania for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1). ESI Lederle, Inc. is a former division of American Home Products Corporation ("AHPC"). AHPC is now Wyeth LLC. ESI Lederle, Inc. dissolved on December 15, 1998.

c. Pfizer Inc. is, and at the time the action was commenced was, incorporated in Delaware and has its principal place of business in New York. Pfizer Inc., therefore, is a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(c)(1).

d. Schwarz Pharma, Inc. n/k/a UCB, Inc. is, and at the time the action was commenced was, incorporated in Delaware and has its principal place of business in Georgia. Schwarz Pharma, Inc. therefore, is a citizen of Delaware and Georgia for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

e. Schwarz Pharma AG is alleged to be a foreign corporation with its principal place of business in Germany. *See* Ex. 3, ¶ 11. As of the time of removal, Schwarz Pharma AG has not been properly served with Summons in the Original Anderson Petition, nor with the Amended Petition in the instant action, so its presence in this action does not affect removal. In any event, Schwarz Pharma AG is a citizen of Germany for purposes of 28 U.S.C. § 1332 and does not impact complete diversity. *See* 28 U.S.C. § 1332(c)(1).

f. UCB GmbH is alleged to be a foreign corporation with its principal place of business in Belgium. *See* Ex. 3, ¶ 12. As of the time of removal, UCB GmbH has not been properly served with Summons in the Original Anderson Petition, nor with the Amended Petition in the instant action, so its presence in this action does not affect removal. In any event, UCB GmbH is a citizen of Belgium for purposes of 28 U.S.C. § 1332 and does not impact complete diversity. *See* 28 U.S.C. § 1332(c)(1).

g. Alaven Pharmaceutical LLC is a limited liability company, and therefore has the citizenship of its members for purposes of diversity. *See Carden,* 494 U.S. at 187-92; *GMAC Commercial Credit LLC,* 357 F.3d at 829. The sole member of Alaven Pharmaceutical LLC is, and at the time the action was commenced was, ALVP Holdings, LLC. ALVP Holdings, LLC's sole member is, and at the time the action was commenced was, Meda Pharmaceuticals, Inc. Meda Pharmaceuticals, Inc. is (and was) incorporated in Delaware and has its principal place of business in New Jersey. Alaven Pharmaceutical LLC therefore, is a

    citizen of Delaware and New Jersey for purposes of 28 U.S.C. § 1332. *See Carden,* 494 U.S. at 187-92; *GMAC Commercial Credit LLC,* 357 F.3d at 829.

h.  Baxter Healthcare Corporation is, and at the time the action was commenced was, incorporated in Delaware with its principal place of business in Illinois. Baxter Healthcare Corporation therefore, is a citizen of Delaware and Illinois for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

i.  Wockhardt USA, LLC is a limited liability company, and therefore has the citizenship of its members for purposes of diversity. *See Carden,* 494 U.S. at 187-92; *GMAC Commercial Credit LLC,* 357 F.3d at 829. The individual members of Wockhardt USA, LLC are, and at the time the action was commenced were, Sunil Khera, who is (and was) a citizen of India, Prakash Chainani, who is (and was) a citizen of India, Michael Craney, who is (and was) a citizen of Illinois, and Jerome Jabbour, who is (and was) a citizen of New Jersey. Wockhardt USA, LLC therefore, is a citizen of India, Illinois and New Jersey for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1). *See also Carden,* 494 U.S. at 187-92; *GMAC Commercial Credit LLC,* 357 F.3d at 829.

j.  Morton Grove Pharmaceuticals, Inc. is, and at the time the action was commenced was, incorporated in Delaware and has its principal place of business in Illinois. Morton Grove Pharmaceuticals, Inc. therefore, is a citizen of Delaware and Illinois for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

k.  Teva Pharmaceuticals USA, Inc. is, and at the time the action was commenced was, incorporated in Delaware and has its principal place of business in

Pennsylvania. Teva Pharmaceuticals USA, Inc. therefore, is a citizen of Delaware and Pennsylvania for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

l. PLIVA, Inc. is, and at the time the action was commenced was, incorporated in New Jersey and has its principal place of business in New Jersey. PLIVA, Inc. therefore, is a citizen of New Jersey for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).[2]

m. Barr Pharmaceuticals, LLC is a limited liability company, and therefore has the citizenship of its members for purposes of diversity. *See Carden,* 494 U.S. at 187-92; *GMAC Commercial Credit LLC,* 357 F.3d at 829. The sole member of Barr Pharmaceuticals, LLC is, and at the time the action was commenced was, Teva Pharmaceuticals USA, Inc., which is (and was) incorporated in Delaware and has its principal place of business in Pennsylvania. Barr Pharmaceuticals, LLC therefore, is a citizen of Delaware and Pennsylvania for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1). *See also Carden,* 494 U.S. at 187-92; *GMAC Commercial Credit LLC,* 357 F.3d at 829.

n. Barr Laboratories, Inc. is, and at the time the action was commenced was, incorporated in Delaware with its principal place of business in New Jersey. Barr Laboratories, Inc. therefore, is a citizen of Delaware and New Jersey for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

---

[2] PLIVA d.d., which no longer exists, was a foreign corporation with its principal place of business in Croatia. As of the time of removal, PLIVA d.d. has not been properly served with Summons in the Original Anderson Petition, nor with the Amended Petition in the instant action, so its presence in this action does not affect removal. Moreover, PLIVA d.d. is a fictitious entity and thus, the citizenship of PLIVA d.d. is irrelevant for diversity purposes. *See* 28 U.S.C. § 1441(a). In any event, PLIVA d.d. was a citizen of Croatia for purposes of 28 U.S.C. § 1332 and does not impact complete diversity. *See* 28 U.S.C. § 1332(c)(1).

o. Plaintiffs also name John Doe Defendants as defendants. "[T]he citizenship of defendants sued under fictitious names are disregarded" in determining whether diversity of citizenship exists. 28 U.S.C. §1441(a). The Amended Petition states that the John Doe defendants "are defendants involved in the manufacture, distribution, marketing, sale, and labeling of Reglan® and/or metoclopramide not yet known by Plaintiffs." *See* Ex. 3, ¶ 26. Plaintiffs, however, do not make any specific allegations against any John Doe defendants. Moreover, Plaintiffs have identified and sued the manufacturer of the Reglan®/metoclopramide Plaintiff Jannett Anderson allegedly took. *See* Ex. 3, ¶4. The John Doe defendants are thus superfluous entities and irrelevant to Plaintiffs' claims. "Mere allegations of citizenship of an as yet unidentified John Doe will not suffice to prevent removal." *Portis v. Sears, Roebuck & Co.*, 621 F. Supp. 682 (E.D. Mo. 1985).

p. Watson Laboratories, Inc. is, and at the time the action was commenced was, incorporated in Nevada, with its principal place of business in California. Watson Laboratories, Inc. therefore, is a citizen of Nevada and California for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

11. Therefore, because none of the Defendants in this case are a citizen of Mississippi, and Plaintiffs are Mississippi citizens, complete diversity of citizenship exists because this dispute is between citizens of different States and in which citizens or subjects of a foreign state are additional parties pursuant to 28 U.S.C. § 1332(a)(3).

**B.     Amount in Controversy Exceeds $75,000.00.**

12. Although Plaintiffs do not plead a specific amount of damages they seek to recover, Brand Defendants can establish that the amount in controversy requirement is met based upon Plaintiffs' allegations of injuries and the requested relief.[3]

13. When a plaintiff fails to plead the amount of recovery she seeks, "the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In Re Minn. Mut. Life Ins. Co., Sales Practice Lit.,* 346 F.3d 830, 834 (8th Cir. 2003); *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009); 28 U.S.C. § 1446(c)(2)(B) (amount in controversy determined by "preponderance of the evidence"). Importantly, "the jurisdictional fact…is not whether the damages *are* greater than

---

[3] Brand Defendants are not required to concede that Plaintiffs are, in fact, entitled to recover more than $75,000. *See, e.g., Kelderman v. Remington Arms Co.,* 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far"). Indeed, Brand Defendants specifically deny that Plaintiffs are entitled to recover any damages.

10

the requisite amount, but whether a fact finder *might* legally conclude that they are." *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original) (citing *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002)).

14. Given the nature of the injuries Plaintiff Jannett Anderson alleges she experienced and Plaintiffs' prayer for punitive damages, it is evident that the $75,000 amount in controversy requirement is met. In the Amended Petition, Plaintiff Jannett Anderson alleges she has been severely and permanently injured as a result of her use of Reglan®/metoclopramide. *See* Ex. 3, ¶ 3. Plaintiffs allege that Reglan®/metoclopramide causes "involuntary, repetitive movements, also known as extrapyramidal symptoms (EPS)." *See* Ex. 3, ¶ 31. Plaintiffs further alleges that exposure to dopamine receptor blocking drugs such as Reglan®/metoclopramide results in tardive dyskinesia which "is a serious neurological movement disorder that results in the involuntary and uncontrollable movements of the head, neck, face, arms, and/or trunk, as well as, involuntary facial grimacing and tongue movements, including tongue thrusting, tongue chewing and/or other involuntary movements." *See* Ex. 3, ¶¶ 32, 34. Plaintiffs also claim that "there is no cure for any of these EPS disorders caused by Reglan®/metoclopramide." *See* Ex. 3, ¶ 35.

15. Where the plaintiff has alleged serious injuries, Missouri federal courts have concluded the amount in controversy requirement has been met. *See Quinn v. Kimble,* 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002); *Hall v. Vlahoulis,* No. 06-6107-CV-SJ-FJG, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007). In fact, in other cases alleging similar injuries from the ingestion of metoclopramide, courts have found the amount in controversy requirement satisfied even where plaintiffs failed to plead a specific damages amount. *See Smith v. Wyeth, Inc.,* 488 F. Supp. 2d 625, 630-631 (W.D. Ky. 2007) (case involving metoclopramide where the court in denying remand concluded that the amount in controversy was met due to the fact that

11

"[p]laintiff's allegations of permanent nerve damage, pain and suffering, punitive damages, and past and future medical expenses likely amount to claims in excess of $75,000."); *Overton v. Wyeth, Inc.*, No. 10-00491-KD-C, 2010 WL 4716972, at *1 (S.D. Ala. Nov. 15, 2010), *adopting* Report & Recommendation of U.S. Magistrate Judge, 2010 WL 4717048, at *4-*5 (S.D. Ala. Oct. 29, 2010) (case involving metoclopramide where the court denied remand and stated: "judicial experience and common sense reveal that [the alleged injuries associated with tardive dyskinesia] facially establish the jurisdictionally required amount in controversy.").

16. Plaintiffs also allege they have experienced economic and non-economic damages, including pain and suffering. *See* Ex. 3, ¶ 99. Moreover, Plaintiff Levi Anderson's loss of consortium claim alleges he experienced great emotional pain, mental anguish, severe emotional distress and economic losses. *See* Ex. 3, ¶¶ 158-159.

17. Plaintiffs also seek punitive damages. *See* Ex. 3, ¶¶ 100-101, 107-108, 115-116, 126, 134, 143 and 152. Punitive damages may be properly considered in establishing the amount in controversy. *Dowell v. Debt Relief America, L.P.*, No. 2:07-CV-27 (JCH), 2007 WL 1876478, at *2 (E.D. Mo. June 27, 2007). Thus, Plaintiffs' claim for punitive damages in addition to the compensation they seek for Plaintiff Jannett Anderson's allegedly serious and permanent physical injuries, when coupled with additional requested economic injuries, further demonstrates that the amount in controversy of this matter exceeds $75,000.

18. Defendants may also satisfy their burden on the amount in controversy requirement by presenting evidence of jury verdicts in comparable cases. *See Hoffmann v. Empire Mach. & Tools Ltd.*, No. 4:10-CV-00201-NKL, 2010 WL 2216631, at *2 (W.D. Mo. May 28, 2010) (citing to *Rodgers v. Wolfe*, No. 4:05CV01600ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) (finding that amount in controversy requirement was satisfied where

defendant presented evidence of two jury verdicts in same type of case that exceeded $75,000.00)); *see also Haynes v. Louisville Ladder Group, LLC*, 341 F. Supp. 2d 1064, 1069 (E.D. Ark. 2004). Attached hereto as Exhibit 6 are copies of reported verdicts involving plaintiffs who alleged they developed tardive dyskinesia as a result of taking a prescription medication. These reported verdicts further demonstrate that the amount in controversy in this case exceeds $75,000.00.

19. The reported jury verdicts involving plaintiffs with claims of tardive dyskinesia include the following:

    a. *Hudson v. Texas Department of Mental Health & Mental Retardation*, 1990 WL 458305, Texas, Date of Verdict: January 1990, Amount of Verdict: **$820,000.00**. A female experienced an irreversible case of tardive dyskinesia after she was prescribed and given anti-psychotic medications by the defendants, psychiatrists employed by the defendant medical group.

    b. *Hamel v. Jaffe*, 2002 WL 31108413, Massachusetts, Date of Verdict: June 2002, Amount of Verdict: **$215,000.00**. A 71-year-old female alleged that she was prescribed Mellaril by the defendant and subsequently began experiencing repetitive, uncontrollable movement of various body parts and was diagnosed with tardive dyskinesia.

20. Due to the nature of the injuries Plaintiffs claim, their prayer for damages, as well as their prayer for punitive damages, it is clear the amount in controversy requirement in this case has been met. Those facts apparent from the face of the Amended Petition, as well as the evidence provided by Brand Defendants of reported jury verdicts in cases involving the same alleged claims and injuries, demonstrate that Brand Defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy requirement in this case has been satisfied.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL

21.     The above-described action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by Brand Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), (b) and 1446 in that it is an "amended pleading, motion, order or other paper" which involves a dispute between citizens of different States and in which citizens or subjects of a foreign state are additional parties, none of the Defendants properly joined and served are citizens of Missouri, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  As set forth above, there is complete diversity in the Amended Petition filed against these Defendants on October 3, 2012, it is removed within thirty (30) days of receipt of the Amended Petition, and it is removed within one year of the commencement of the action.

22.     The United States District Court for the Eastern District of Missouri is the federal judicial district encompassing the Twenty-Second Judicial Circuit, City of St. Louis, where this suit was originally filed.  28 U.S.C. § 105(a).  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 1332(a)(3) and 1441(a).

23.     Written notice of the filing of this Notice of Removal is being given promptly to Plaintiffs by service hereof, and a copy of the Notice of Removal is being promptly filed with the Missouri Circuit Court for the Twenty-Second Judicial Circuit, as required by 28 U.S.C. § 1446(d).  True and accurate copies of the consents to this removal of co-defendants are attached hereto as Exhibit 5. The Civil Cover Sheet is attached hereto as Exhibit 7 and the Original Filing Form is attached as Exhibit 8. A file-stamped copy of the Notice of Filing of Notice of Removal will be filed with this Court when received by Brand Defendants.

WHEREFORE, Defendants, Wyeth LLC f/k/a Wyeth, Inc., Wyeth Pharmaceuticals Inc., and Pfizer Inc., Schwarz Pharma, Inc. n/k/a UCB, Inc. and Alaven Pharmaceutical LLC give notice that this action is removed from the Missouri Court for the Twenty-Second Judicial Circuit to the United States District Court for the Eastern District of Missouri.

**HEPLERBROOM LLC**

By: */s/ Gerard T. Noce*
　　　Gerard T. Noce, #27636
　　　gtn@heplerbroom.com
　　　Larry E. Hepler, #21753
　　　leh@heplerbroom.com
　　　Beth A. Bauer, #49981
　　　bab@heplerbroom.com
　　　211 N. Broadway, Suite 2700
　　　St. Louis, MO 63102
　　　314/241-6160/Fax: 314/241-6116
**Attorneys for Wyeth LLC, Wyeth Pharmaceuticals Inc., Pfizer Inc., Schwarz Pharma, Inc. n/k/a UCB, Inc. and Alaven Pharmaceutical LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of October, 2012, copies of the foregoing were forwarded to the attorneys of record for Defendants, via e-mail, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E); and to the attorneys of record for Plaintiffs via U.S. mail, postage prepaid, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C):

**ATTORNEYS FOR PLAINTIFFS**
Jeffrey J. Lowe, Jacob A. Flint
Carey, Danis & Lowe
8235 Forsythe, Suite 1100
St. Louis, MO 63105
Phone: 314/678-3400
jeff@jefflowepc.com
jflint@jefflowepc.com

**ATTORNEY FOR DEFENDANTS MORTON GROVE PHARMACEUTICALS, INC. and WOCKHARDT USA, INC.**
Nancy S. Woodworth
Segal McCambridge Singer & Mahoney, Ltd.
Willis Tower, Suite 5500
233 South Wacker Drive
Chicago, IL 60606
Phone: 312/645-7800
nwoodworth@smsm.com

**ATTORNEYS FOR DEFENDANT BAXTER HEALTHCARE CORPORATION**

| | |
|---|---|
| Chad R. Hutchinson | Scott D. Bjorseth |
| John H. Dollarhide | Hoagland, Fitzgerald & Pranaitis |
| Butler, Snow, O'Mara, Stevens & Cannada, PLLC | 401 Market Street |
| | P.O. Box 130 |
| 1020 Highland Colony Parkway, Ste. 1400 | Alton, IL 62002 |
| Ridgeland, MS 39157 | Phone: 618/465-7745 |
| Phone: 601/985-4593 | scottb@il-mo-lawfirm.com |
| Chad.hutchinson@butlersnow.com | |
| John.Dollarhide@butlersnow.com | |

**ATTORNEYS FOR DEFENDANTS PLIVA, INC., BARR PHARMACEUTICALS, INC. n/k/a BARR PHARMACEUTICALS LLC, BARR LABORATORIES, INC., and WATSON LABORATORIES, INC.**

| | |
|---|---|
| Sandra J. Wunderlich | Matthew V. Brammer |
| Stinson Morrison Hecker, LLP | Ulmer & Berne LLP |
| 7700 Forsythe Blvd., Suite 1100 | 600 Vine Street, Suite 2800 |
| St. Louis, MO 63105 | Cincinnati, OH 45202 |
| Phone: 314/863-0800 | Phone: 513/698-5000 |
| swunderlich@stinson.com | mbrammer@ulmer.com |

**ATTORNEYS FOR DEFENDANTS TEVA PHARMACEUTICAL USA, INC. AND MYLAN INSTITUTIONAL, INC.**

| | |
|---|---|
| Andrew D. Ryan, Natalie J. Kussart | Richard A. Oetheimer, Jonathan I. Price, Jennifer Kennedy Gellie |
| Sandberg Phoenix & VonGontard P.C. | Goodwin Procter, LLP |
| 600 Washington Ave. – 15th Floor | The New York Times Building |
| St. Louis, MO 63101-1313 | 620 Eighth Avenue |
| Phone: 314/231/3332 | New York, NY 10018-1405 |
| Aryan@sandbergphoenix.com | Phone: 212/813-8800 |
| nkussart@sandbergphoenix.com | roetheimer@goodwinprocter.com |
| | jprice@goodwinprocter.com |
| | jgellie@goodwinprocter.com |

/s/ Gerard T. Noce